NH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyron James Davis, | No.    CV-25-00199-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua M. Suckle, et al., | |
| Defendants. | |

On January 21, 2025, Plaintiff Kyron James Davis, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a May 15, 2025 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 16, 2025, Plaintiff filed his First Amended Complaint (Doc. 10). The Court will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which

1  relief may be granted, or seek monetary relief from a defendant who is immune from such
2  relief.  28 U.S.C. § 1915A(b)(1)–(2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the
4  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does
5  not demand detailed factual allegations, "it demands more than an unadorned, the-
6  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice."  *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12  that allows the court to draw the reasonable inference that the defendant is liable for the
13  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for
14  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual
16  allegations may be consistent with a constitutional claim, a court must assess whether there
17  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

18        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19  must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342
20  (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent
21  standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551
22  U.S. 89, 94 (2007) (per curiam)).

23        If the Court determines that a pleading could be cured by the allegation of other
24  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
25  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The
26  Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but
27  because it may possibly be amended to state a claim, the Court will dismiss it with leave
28  to amend.

1

## II.     First Amended Complaint

2      In his three-count First Amended Complaint, Plaintiff asserts Fourth Amendment

3   excessive force claims and a claim regarding his filed grievances.  Plaintiff names as

4   Defendants the following ASPC-Lewis employees: Deputy Warden Joshua M. Suckle, K-

5   9 Sergeant and Officer Irving Valle, K-9 Sergeant Christian Corrales, and Captain Daniel

6   Coleman.  Plaintiff seeks $1,500,000 in monetary damages.

7      In **Count One**, Plaintiff claims that on May 4, 2024, he was attacked by a K-9 during

8   an altercation with Defendant Valle.  Allegedly, Defendant Valle commanded the K-9 to

9   "keep biting" Plaintiff while Plaintiff was complying on the ground.  Plaintiff contends

10  Defendant Corrales sprayed "chemical agents" at him and kept telling Plaintiff to turn

11  around, however Plaintiff was unable to turn around due to the dog attacking him.  Plaintiff

12  asserts that Defendants Valle and Corrales failed to do their jobs "pertaining to the dog's

13  training and keeping the safety of all inmates."  Plaintiff asserts the K-9 was not muzzled

14  in the prison yard, in violation of prison policy, and claims Defendants Suckle and Coleman

15  negligently failed to keep Plaintiff safe.  Plaintiff contends that the force used on him by

16  the dog was excessive and deadly and that all named Defendants are liable.

17     In **Count Two**, Plaintiff alleges that during an altercation between officers and

18  inmates, Plaintiff was "obeying directives and was on the ground with [his] hands up,"

19  when Defendants Irving and Corrales commanded the K-9 to continue attacking Plaintiff.

20  Plaintiff claims the continuous dog attack was "beyond what was necessary and

21  constitutional," as he was obeying the officer's orders.  Plaintiff asserts Defendants Suckle

22  and Coleman failed in their duties when they allowed, as a matter of policy, a K-9 to be

23  trained to attack on command.  Plaintiff asserts the attack lasted approximately 2-4 minutes

24  and occurred while he was obeying officer's directives, amounting to "cruel and unusual

25  punishment."

26     In **Count Three**, Plaintiff contends that on May 14, 2024, he began to exhaust his

27  administrative remedies on his tablet and filed an "informal complaint" regarding the dog

28  attack.  He claims he received a response one day after the complaint should have been

answered, and his complaint was escalated to the next step in the administrative remedy process.  Plaintiff asserts that Defendant Coleman is not an "administrative director or higher official" and should not have answered his complaint.  Plaintiff claims he has a right under the First Amendment to access the courts and petition the government for redress of grievances.

As for his injury to Counts One and Two, Plaintiff claims he received stitches in the back of his leg, experiences pain, has permanent nerve damage, and walks with a limp.

**III.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

**A.    Defendants Joshua M. Suckle and Daniel Coleman**

In Counts One and Two, Plaintiff alleges Defendants Suckle and Coleman were negligent and failed to keep Plaintiff safe "as a matter of policy" by allowing the K9 to be trained to attack.  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendants Suckle and Coleman personally participated in a deprivation of Plaintiff's constitutional rights or were aware of a deprivation and failed to act resulting in Plaintiff's injuries.  Although Plaintiff alleges Defendants Suckle and Coleman were negligent "as a matter of policy" because they allowed a K-9 to be trained to attack on command, Plaintiff does not identify any specific

K-9 training policy, its purpose, or explain how the policy resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Count Two and Defendants Suckle and Coleman.

**B.     Counts One and Two – Eighth Amendment Excessive Force Claim**

Plaintiff alleges that Defendants Valle and Corrales verbally commanded a police K-9 to continue attacking him, beyond what was reasonably necessary because Plaintiff had been subdued.  When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  *See Johnson v. Glick*, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

*Id.* at 9.

Although Plaintiff alludes to an "altercation with Defendant Valle," Plaintiff still does not describe what actions he took or what specifically occurred prior to the attack.[1] Absent additional facts, the Court cannot infer that the force was used for a malicious or sadistic purpose rather than to restore discipline.  The Court will dismiss without prejudice Counts One and Two.

**C.     Count Three – Grievance Procedure and Access to the Courts Claims**

Plaintiff asserts Defendant Coleman is not a director and should not have responded to Plaintiff's grievance.  Although prisoners have a First Amendment right to file prison

---

[1] The Court notes Plaintiff pleaded guilty to two counts of Aggravated Assault on a Correctional Employee in Maricopa County case CR2024007411002, with an offense date of May 4, 2024.  *See* Criminal Court Case Information – Case History, Maricopa County Superior Court, https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2024-007411 [https://perma.cc/5GQK-BFQF].

grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

Plaintiff alleges that his grievance was replied to one day after the time for a response had expired and was answered by Defendant Coleman, instead of the administrative employees. As previously stated in the May 15, 2025 Order, Plaintiff cannot state a First Amendment or Fourteenth Amendment claim based solely on the handling of his grievance.

To the extent Plaintiff is asserting a claim for access to the courts, he does not allege sufficient facts to state a claim. The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Id.* at 354. The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing

contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id.* at 349. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id.* at 352-53. Plaintiff does not allege that he was somehow prevented from presenting a nonfrivolous claim. Accordingly, he has failed to state a claim in Count Three, and the Court will dismiss this Count without prejudice.

## IV.     Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without

1   prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa*
2   *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

3   **V.    Warnings**

4         **A.    Release**

5         If Plaintiff is released while this case remains pending, and the filing fee has not
6   been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court
7   that he intends to pay the unpaid balance of his filing fee within 120 days of his release or
8   (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may
9   result in dismissal of this action.

10        **B.    Address Changes**

11        Plaintiff must file and serve a notice of a change of address in accordance with Rule
12  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
13  relief with a notice of change of address.  Failure to comply may result in dismissal of this
14  action.

15        **C.    Possible "Strike"**

16        Because the First Amended Complaint has been dismissed for failure to state a
17  claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies
18  identified in this Order, the dismissal may count as a "strike" under the "3-strikes"
19  provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring
20  a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the
21  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
22  brought an action or appeal in a court of the United States that was dismissed on the
23  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be
24  granted, unless the prisoner is under imminent danger of serious physical injury."  28
25  U.S.C. § 1915(g).

26        **D.    Possible Dismissal**

27        If Plaintiff fails to timely comply with every provision of this Order, including these
28  warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 10th day of October, 2025.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                           U.S. District Court Clerk
U.S. Courthouse, Suite 130                     U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona   85003-2119                 Tucson, Arizona   85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as: _____ at _____.
(Position and Title)                    (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at _____.
(Position and Title)                    (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as: _____ at _____.
(Position and Title)                    (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____ at _____.
(Position and Title)                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

### D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies:**
     a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes      ☐ No
     b.  Did you submit a request for administrative relief on Count I?      ☐ Yes      ☐ No
     c.  Did you appeal your request for relief on Count I to the highest level?      ☐ Yes      ☐ No
     d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?              ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count III?           ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                                SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may
attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.
If you attach additional pages, be sure to identify which section of the complaint is being continued and number
all pages.